IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTOINE STUBBLEFIELD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0693-L |
| | § | |
| OFFICER G. GARCIA, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff is a resident of Dallas County, Texas. Defendants are Dallas Police Officers G. Garcia, A. Andujar, and C. Barnes. No process has been issued in this case pending preliminary screening

Findings and Conclusions:  On April 6, 2010, Plaintiff, through retained counsel, filed the complaint in this action along with a motion to proceed *in forma pauperis*. On April 8, 2010, the Magistrate Judge ordered Plaintiff to provide additional financial information in support of his request to proceed *in forma pauperis*. The order cautioned Plaintiff that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. Plaintiff failed to comply, and the court *sua sponte* granted him an extension until May 28, 2010, to respond to the supplemental *in forma pauperis* affidavit. As of the date of this

recommendation, Plaintiff has failed to comply with the above order. Nor has he paid the $350.00 filing fee or sought an extension of time do so.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Plaintiff has been given ample opportunity to provide the additional financial information in support of his request to proceed *in forma pauperis*. He has refused or declined to do so. Nor has he tendered the required $350.00 filing fee in lieu of the request to proceed *in forma pauperis*. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

In the event a statute of limitations may bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice, the scope of the district court's discretion is narrower. Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)

(noting that if an action were barred by the statute of limitations, dismissal under Rule 41(b) is tantamount to a dismissal with prejudice); *see also Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

In this case, Plaintiff has a clear record of purposeful delay. This case has been pending for over two months, and this is Plaintiff's second failure to submit the additional financial information in support of his request to proceed *in forma pauperis*. Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Plaintiff's claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

It is further recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be DENIED.

Signed this 16th day of June, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

3

specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

4